## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VIRGIL BARCLAY | : | CIVIL ACTION |
| | : | |
| | : | |
| v. | : | No. 14-6257 |
| | : | |
| | : | |
| PHILLIP WASHINGTON, et al. | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                    **October 15, 2015**

Plaintiff Virgil Barclay ("Barclay"), a state prisoner, originally brought this § 1983 action alleging that Phillip Washington ("Washington"), a correctional officer at the State Correctional Institution at Graterford ("SCI-Graterford"), violated his Eighth Amendment right to be free from cruel and unusual punishment. In addition, Barclay alleges that Michael Wenerowicz ("Wenerowicz"), the superintendent of SCI-Graterford, failed to enforce SCI-Graterford's use of force policy and failed to supervise and/or train Washington.

Moving to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), Washington and Wenerowicz argue that this action is barred by the two-year statute of limitations.[1] Although more than two years passed before Barclay initiated this action, we cannot determine, at this stage, how much time was consumed by his exhaustion of administrative remedies. Consequently, we cannot calculate the period of time the statute of limitations for his § 1983 claim was tolled under the Prison

---

[1] On October 28, 2014, Barclay, acting *pro se*, filed his federal complaint. On May 19, 2015, represented by counsel, he filed an amended complaint. In the amended complaint, Barclay added a state law claim for assault and battery, and named Superintendent Wenerowicz and five John Doe defendants, alleging they failed to supervise and/or intervene during the assault, contributing to his injury. On June 8, 2015, Washington timely moved to dismiss the complaint. Wenerowicz filed his motion to dismiss on August 27, 2015.

Litigation Reform Act ("PLRA").[2]  However, his state law claim for assault and battery is time-barred because it is not subject to an exhaustion requirement that would toll the running of the limitations period.

Wenerowicz also argues that the Eleventh Amendment bars claims against him in his official capacity, he is not personally liable for Barclay's 1983 claims, and he is not liable for failure to train or supervise.  We shall grant the motions in part and deny them in part.

### Background[3]

On March 3, 2012, while an inmate at SCI-Graterford, Barclay was severely beaten by Washington while other correctional officers watched and did not intervene.  Am. Compl. ¶¶ 12-19.  As a result of Washington's attack, Barclay sustained a fracture of the orbital bone in his left eye and a broken tooth.  Am. Compl. ¶¶ 22-23.  He was airlifted to a Philadelphia hospital where he underwent emergency reconstructive surgery to repair his orbital bone.  Am. Compl. ¶¶ 21-22.  He remained in the hospital until March 9, 2012.  Am. Compl. ¶¶ 24-25.

Upon returning to SCI-Graterford, where he was placed in the Restricted Housing Unit, Barclay filed a complaint against Washington with the DOC's Office of Special Investigations and Intelligence ("OSII").  Am. Compl. ¶¶ 26-28.  After conducting an investigation, OSII concluded that Barclay's allegations were true and forwarded a copy of the investigation results to the Montgomery County District Attorney's Office for review.  Am. Compl. ¶¶ 29-30.  The DOC fired Washington and the Montgomery County

---

[2] 42 U.S.C. § 1997e(a).

[3] The facts are recited from the amended complaint.  For purposes of considering the motion to dismiss, we accept them as true and draw all reasonable inferences from them in Barclay's favor.

District Attorney's Office charged him with assault.  Am. Compl. ¶¶ 31-32.  For unknown reasons, the criminal case was dropped and Washington was rehired as a correctional officer at SCI-Graterford.  Am. Compl. ¶ 33.

### Standard of Review

When considering a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all well pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff.  *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Although this standard "does not require 'detailed factual allegations' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

To survive a motion to dismiss, the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plaintiff must allege facts that indicate "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Pleading only "facts that are 'merely consistent with' a defendant's liability" is insufficient and cannot survive a motion to dismiss. *Id.* (citing *Twombly*, 550 U.S. at 557).

Typically, a statute of limitations defense cannot be raised in a Rule 12(b)(6) motion.  However, when it appears on the face of the complaint that the statute of limitations has expired, the complaint may be dismissed at the pretrial stage.  *Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n. 14 (3d Cir. 2006); *Saylor v. Ridge*, 989 F. Supp. 680, 683 (E.D. Pa. 1998).  With these standards in mind, we shall accept as true the facts as they appear in Barclay's complaint and draw all possible inferences from these facts in his favor.

### Statute of Limitations

*Section 1983 Claim*

The statute of limitations in a § 1983 action is governed by the limitations period applicable to personal injury actions of the state where the cause of action arose.  *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).  The Pennsylvania statute of limitations for a personal injury action is two years.  42 Pa. Cons. Stat. Ann. § 5524.

When a cause of action accrued is determined by federal law.  *Kach*, 589 F.3d at 634.  There is no dispute that Barclay's federal causes of action accrued on March 3, 2012, when he was assaulted and injured by Washington.  Barclay had until March 3, 2014 to bring his action.  He did not file his complaint until November 5, 2014, more than two years and seven months after his causes of action accrued.

Barclay contends that because he was a prisoner, the statute of limitations was tolled while he exhausted his administrative remedies as required by the PLRA.  Barclay argues that because it is not known how long the statute of limitations was tolled, it is premature to dismiss the action.

The statute of limitations in an action brought by a prisoner under § 1983 is tolled during the time the inmate exhausts his administrative remedies. *Pearson v. Sec'y, Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015). It is apparent from the complaint that Barclay did pursue his administrative remedies.[4] What is not known is the period of time that passed while he exhausted those remedies. Without knowing how long the limitations period was tolled, we cannot determine whether the statute of limitations had expired before Barclay filed this action.

Because we cannot determine whether Barclay's federal claims are time-barred, we cannot dismiss those claims. *See Thomas v. Brinich*, 579 F. App'x 60, 62 (3d Cir. 2014) (explaining that dismissal of a § 1983 claim for failure to exhaust is appropriate only where the complaint reveals, on its face, that exhaustion did not occur); *Walton v. Walton*, No. 13-1109, 2014 WL 4348170, at *7 (W.D. Pa. Sept. 2, 2014) (holding that it would be premature to dismiss plaintiff's § 1983 claim as the statute of limitations was tolled while he exhausted his administrative remedies); *cf. Paluch v. Sec'y, Dep't of Corr.*, 442 F. App'x 690, 694 (3d Cir. 2011) (affirming the dismissal of plaintiff's § 1983 claim because it was not brought within two years after he exhausted his administrative remedies). Therefore, we shall deny the motions to dismiss Barclay's § 1983 claims as time-barred.

---

[4] In the original complaint, Barclay stated that he filed an administrative grievance with the Central Office, which he claims to be the last level of appeal. Compl. at ECF 6. Under, "what was the result, if any," Barclay answered "none." Compl. at ECF 6. Barclay did not state the date he filed his grievance.

*State Law Claims*

Pennsylvania's PLRA,[5] not the federal PLRA, applies to a prisoner's state law claims.  *See* 42 Pa. Cons. Stat. Ann. § 6603(b) (stating that "prison conditions litigation arising in whole or in part due to an allegation of a violation of Pennsylvania law shall be subject to the limitations set forth in this act with respect to those claims arising under Pennsylvania law"); *Paluch v. Palakovich*, 84 A.3d 1109, 1113 (Pa. Commw. Ct. 2014) (dismissing plaintiff's state law tort claim as the federal PLRA does not determine whether the statute of limitations for state law claims is tolled).  Unlike the federal PLRA, Pennsylvania's PLRA does not require exhaustion.  *Paluch*, 84 A.3d at 1113 (citing 37 Pa. Code § 93.9(b) ("Inmates may also pursue available remedies in State and Federal court.")).  Thus, Pennsylvania's PLRA does not toll the statute of limitations while a prisoner exhausts his administrative remedies.  *Id.*

There is no question that Barclay filed his federal complaint more than two years after his state law cause of action had accrued.  Thus, his state law claim is time-barred.

**Wenerowicz's Personal Liability**

Barclay sues Wenerowicz in both his official and individual capacities.   A government official, acting in his official capacity, is not a "person" subject to suit under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Accordingly, all claims for compensatory relief against Wenerowicz in his official capacity must be dismissed.

There is no *respondeat superior* liability under § 1983.  *Iqbal*, 556 U.S. at 676; *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).   To maintain an action

---

[5] 42 Pa. Cons. Stat. Ann. § 6601 *et seq.*

against a government actor in his individual capacity, the plaintiff must show each defendant's personal involvement in the wrongdoing. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). He must demonstrate that the individual defendant personally directed, or actually knew and acquiesced in the wrongful conduct. *Id.* (citing *Rode*, 845 F.2d at 1207).

Barclay's claims against Wenerowicz are predicated on a theory that Wenerowicz failed to enforce SCI-Graterford's use of force policy. Am. Compl. ¶¶ 39-40, 57. There is no allegation that he personally directed Washington's alleged attack. Nor is there an allegation that he had actual knowledge of Washington's conduct. The mere allegation that he failed to enforce the use of force policy, without more, is not enough to establish his personal involvement. Thus, Barclay's claim that Wenerowicz failed to enforce the use of force policy cannot survive.

### Supervisory Liability

To state a claim for supervisory liability under § 1983, the plaintiff must identify the specific supervisory practice or procedure the supervisor failed to follow, and show that: "(1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001). An allegation that the injury would not have occurred had the supervisor "done more" is insufficient. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 216 (3d Cir. 2001) (quoting *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). The plaintiff must identify specific acts or omissions of the supervisor that show deliberate indifference and

establish a connection between the act or omission and the injury.  *Id.*; *Collins v. Williams*, 575 F. Supp. 2d 610, 615 (D. Del. 2008) (citing *Sample*, 885 F.2d at 1118)).

Barclay does not identify a specific practice that Wenerowicz should have employed.  Rather, he conclusorily alleges that the failure to "establish or maintain a policy, practice, or custom of monitoring, supervising, training, retraining, and disciplining Correctional Officers" resulted in "an unreasonable risk to inmates."  While Barclay does allege, as explained above, that Wenerowicz failed to enforce the use of force policy, he does not explain how any existing custom or practice created an unreasonable risk of which Wenerowicz was aware and to which he was deliberately indifferent.

Barclay argues in response to Wenerowicz's motion that "if Washington has documented history of poor conduct," as may be revealed in discovery, then "Wenerowicz would have had a duty to take the appropriate steps to ensure that said behavior did not continue."  Mem. in Opp. to Mot. to Dismiss, Sept. 9, 2015, at 7. Barclay did not plead any history of Washington's conduct.  Furthermore, it is mere speculation and lacks any factual content.

## Conclusion

Because we cannot determine whether the statute of limitations had expired before Barclay filed this action, we shall deny Washington's motion as to the federal claims and grant it as to the state law claims.  Because Barclay has failed to plead sufficient facts consistent with Wenerowicz's liability, we shall grant Wenerowicz's motion and allow Barclay to file a second amended complaint as to Wenerowicz only.